THE NATIONAL CITY BANK OF NEW YORK, Plaintiff, *v.* SHERIDAN A. WALKER and Others, Defendants.

Supreme Court, Special Term, New York County, November 1, 1940.

*Harold H. Keefe*, for the plaintiff.

*Morris & Samuel Meyers*, for the defendants.

McLAUGHLIN, J. The defendant Samuel Meyers seeks by this application permission to serve a supplemental summons upon the codefendants, Max Englander and Mary Phillips Walker, and urges as a basis for such relief the fact that these codefendants have executed an indemnity agreement in his favor.

The obligation of the defendant Meyers is based upon a promissory note bearing his signature. He is primarily liable for the payment of the note. (Neg Inst. Law, § 3.)

The fundamental idea behind the Negotiable Instruments Law is to accelerate, and not retard, the collection of a debt evidenced by a note. The fact that others may, in turn, be liable to defendant does not relieve him of his direct responsibility in this action. It would seem to be contrary to the spirit and purpose of that law to permit a party primarily obligated on a note to delay the collection of that note by moving to bring in other parties who he claims had indemnified him against any loss on the instrument. The defendant Meyers, by a denial of this application, will not lose any rights that he may have against the indemnitors because he may still assert such rights against them in an independent action. He should, however, be required in the first instance to meet his obligation on the promissory note. Under the circumstances presented, it would appear only just that the defendant Meyers should be the one put to the trouble of asserting his rights of indemnity rather than to compel the plaintiff indirectly to serve the summons on the other parties against whom the defendant is seeking relief.

The motion is in all respects denied.